DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
AMY TU QUYEN LE (Bar No. 341925)
amy.le@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 4th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

KEYA I. PATEL (*pro hac vice* forthcoming)
keya.patel@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARMAINE TATE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>CHEMED CORPORATION, VITAS HEALTHCARE CORPORATION, VITAS HOSPICE SERVICES, LLC, and VITAS HEALTHCARE CORPORATION OF CALIFORNIA,<br><br>Defendants. | Case No. 2:24−CV−01327−DJC−CSK<br><br>**DEFENDANTS' NOTICE AND MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**<br><br>Date: August 8, 2024<br>Time: 1:30 p.m.<br>Dept.: Courtroom 10 – 13th Floor<br>Judge: Honorable Daniel J. Calabretta |

## NOTICE OF MOTION AND MOTION

TO THE COURT AND ALL PARTIES OF RECORD:

PLEASE TAKE NOTICE that on August 8, 2024, at 1:30 pm, or thereafter as the matter may be heard, before the Honorable Daniel J. Calabretta, in Courtroom 10, 13th Floor, Defendants Chemed Corporation, Vitas Healthcare Corporation, Vitas Hospice Services, LLC, and Vitas Healthcare Corporation of California (collectively, "Defendants") will and hereby do move to dismiss Plaintiff Charmaine Tate's ("Plaintiff") Complaint (Dkt. 1, Ex. A) filed in this action pursuant to Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

This Motion to Dismiss is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, all other pleadings and papers on file herewith, and such other argument and evidence as may be presented to the Court.

Counsel for Defendants hereby certifies that, prior to filing this Motion, meet-and-confer efforts have been exhausted as compliant with the Honorable Daniel J. Calabretta's Standing Order. In particular, counsel for the parties met and conferred on June 13, 2024 by teleconference and discussed the arguments that Defendants would raise in their forthcoming motion to dismiss. The parties were unable to resolve the substantive issues raised in this Motion, and Defendants therefore submit this Motion to the Court and respectfully request that the Court dismiss Plaintiff's claims in their entirety.

Dated: June 13, 2024

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: *David R. Singh*
DAVID R. SINGH

DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
AMY TU QUYEN LE (Bar No. 341925)
amy.le@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 4th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

KEYA I. PATEL (*pro hac vice* forthcoming)
keya.patel@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Defendants

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ....................1
II. BACKGROUND ....................2
A. The Alleged Recording of Communications ....................2
III. LEGAL STANDARD ....................3
IV. ARGUMENT ....................3
A. Plaintiff's Complaint Fails to Put Defendants on Notice of the Allegations Against Them ....................3
B. Plaintiff Fails to Plausibly Allege that Invoca Is a Third Party under CIPA § 631(a) ....................4
C. Plaintiff Fails to Plausibly Allege that Defendants Had the Requisite Intent to Support an Aiding and Abetting Claim under CIPA § 631(a) ....................7
D. Plaintiff Fails to State a Claim Under CIPA § 632(a) ....................8
V. CONCLUSION ....................8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................3

*Barbosa v. Shasta Cnty.*,
2021 U.S. Dist. LEXIS 80656 (E.D. Cal. Apr. 26, 2021) ....................4

*Cody v. Boscov's, Inc.*,
658 F. Supp 3d 779 (C.D. Cal. 2023) ....................6

*Doe v. Microsoft Corp.*,
2023 WL 8780879 (W.D. Wash. Dec. 19, 2023)....................8

*Esparza v. UAG Escondido A1 Inc.*,
2024 WL 559241 (S.D. Cal. Feb. 12, 2024) ....................7

*Flores v. EMC Mortg. Co.*,
997 F. Supp. 2d 1088 (E.D. Cal. 2014) ....................3

*Garcia v. Build.com, Inc.*,
2024 WL 1349035 (S.D. Cal. Mar. 29, 2024)....................7

*In re Google Location Hist. Litig.*,
428 F. Supp. 3d 185 (N.D. Cal. 2019) ....................8

*Graham v. Noom, Inc.*,
533 F. Supp. 3d 823 (N.D. Cal. 2021) ....................5

*Heiting v. Taro Pharms. U.S., Inc.*,
2023 U.S. Dist. LEXIS 233570 (C.D. Cal. Dec. 26, 2023) ....................7, 8

*Johnson v. Blue Nile, Inc.*,
2021 WL 1312771 (N.D. Cal. 2021) ....................5

*Licea v. Cinmar, LLC*,
659 F. Supp. 3d 1096 (C.D. Cal. 2023) ....................4

*Martin v. Sephora USA, Inc.*,
2023 WL 2717636 (E.D. Cal. Mar. 30, 2023)....................1

*Mastel v. Miniclip SA*,
549 F. Supp. 3d 1129 (E.D. Cal. 2021) ....................4

*Moreno v. S.F. Bay Area Rapid Transit Dist.*,
2017 WL 6387764 (N.D. Cal. Dec. 14, 2017) ....................8

*Myers v. Winn Law Grp., APC*,
2012 WL 5187771 (E.D. Cal. Oct. 17, 2022) ....................4

*Pena v. GameStop, Inc.*,
670 F. Supp. 3d 1112 (S.D. Cal. 2023) ....................1

*Rodriguez v. Ford Motor Co.*,
--- F. Supp. 3d ---, 2024 WL 1223485 (S.D. Cal. Mar. 21, 2024) ....................6, 7

*Swarts v. Home Depot, Inc.*,
689 F. Supp. 3d 732 (N.D. Cal. 2023) ....................1, 5, 6

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ....................6

*Van Dyke Ford, Inc. v. Ford Motor Co.*,
399 F. Supp. 277 (E.D. Wis. 1975) ....................3

*Warren v. Fox Fam. Worldwide, Inc.*,
328 F.3d 1136 (9th Cir. 2003) ....................3

*Yale v. Clicktale, Inc.*,
2021 WL 1428400 (N.D. Cal. Apr. 15, 2021) ....................5

*Yockey v. Salesforce, Inc.*,
688 F. Supp. 3d 962 (N.D. Cal. 2023) ....................5

**Statutes**

Cal. Pen. Code §§ 630-638.55 ....................1

Cal. Pen. Code § 631(a) .................... *passim*

Cal. Pen. Code § 632(a) ....................1, 2, 8

**Other Authorities**

Fed. R. Civ. P. 8(a) ....................1, 3

Fed. R. Civ. P. 12(b)(6) ....................1, 3

Invoca, *Privacy Policy*, https://www.invoca.com/privacy-policy (last accessed
June 12, 2024) ....................6

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Chemed Corporation, VITAS Healthcare Corporation, VITAS Hospice Services, LLC, and VITAS Healthcare Corporation of California (collectively, "Defendants") respectfully submit this memorandum of points and authorities in support of their motion to dismiss Plaintiff Charmaine Tate's ("Plaintiff") Complaint (ECF No. 1, Ex. A) ("Complaint" or "Compl.") for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).

## I. PRELIMINARY STATEMENT

This is just the latest in a series of cases attempting to stretch the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code §§ 630-638.55, far beyond its intended bounds. Federal courts throughout California have repeatedly dismissed complaints attempting to apply the CIPA provision prohibiting unauthorized wiretapping, Cal. Pen. Code § 631(a), and the CIPA provision prohibiting the unauthorized recording of confidential communications, Cal. Pen. Code § 632(a), to routine marketing and customer service technologies.[1] Yet that is exactly what Plaintiff attempts to do in this case: she contends that Defendants violated Sections 631(a) and 632(a) of CIPA through their use of certain customer service technologies provided by software vendor Invoca, Inc. ("Invoca"), which enables Defendant VITAS Healthcare Corporation ("VITAS") to collect and analyze its own communications with its consumers.

Consistent with prior decisions by courts throughout the Ninth Circuit, Plaintiff's claims must be dismissed for several reasons:

*First*, Plaintiff has lumped Defendants together as VITAS without specifying the alleged role of each defendant in the alleged wrongdoing. Under settled law, such "shotgun" pleading does not satisfy the requirements of Fed. R. Civ. P. 8(a), and the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

*Second*, Plaintiff fails to state a claim upon which relief can be granted under CIPA § 631(a). Unable to allege VITAS wiretapped its own communications, Plaintiff attempts to state

[1] *See, e.g.*, *Martin v. Sephora USA, Inc.*, 2023 WL 2717636 (E.D. Cal. Mar. 30, 2023); *Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112 (S.D. Cal. 2023); *Swarts v. Home Depot, Inc.*, 689 F. Supp. 3d 732 (N.D. Cal. 2023).

a claim for aiding and abetting wiretapping. But even Plaintiff's own allegations demonstrate that Invoca is merely an agent or tool of one or more of the Defendants, rather than a third party using the alleged communications for its own purposes, and her § 631(a) claim must fail.

*Third*, Plaintiff further fails to state a claim under CIPA § 631(a) because she does not allege facts making it plausible that any of the Defendants had the requisite intent to support an aiding and abetting claim.

*Fourth*, Plaintiff fails to state a claim under § 632(a) because Plaintiff fails to allege facts establishing that any of the Defendants used an electronic amplifying or recording device, as required by the statute.

For all of these reasons, Plaintiff's attempts to paint Defendants' alleged use of a routine customer service technology as a violation of state wiretapping law fail as a matter of law. This Court should therefore dismiss Plaintiff's Complaint in its entirety.

## II. BACKGROUND

### A. The Alleged Recording of Communications

VITAS is a hospice and palliative care provider. Compl. ¶ 33. Plaintiff alleges that in connection with certain VITAS call centers, Defendants violated §§ 631(a) and 632(a) of the California Invasion of Privacy Act ("CIPA") through the use of "a conversation intelligence software-as-a service ('SaaS')" provided by Invoca, Inc. ("Invoca"). *Id.* ¶ 1. Plaintiff alleges that Invoca's "conversation intelligence SaaS includes several services ('Services'): *inter alia*, Signal AI Studio; Automated Quality Assurance; Signal AI Discovery; Call Recordings and Transcriptions; and Conversational IVR (Interactive Voice Response)." *Id.* ¶ 2. Plaintiff alleges these Services perform various functions, including detecting caller intent, caller interest, and conversation outcome; evaluating the performance of call center agents; analyzing conversations to determine trends and common issues; creating call transcripts; and directing callers to the best customer service agents. *Id.* ¶¶ 24-29.

Plaintiff alleges Defendants employ the software provided by Invoca to record and transcribe calls between VITAS call centers and VITAS consumers into searchable transcripts and reports. *Id.* ¶ 1. Plaintiff further claims, based off a YouTube video from October 12, 2020,

that VITAS utilizes Invoca to "better identify what [] matters to [its] audiences." *Id.* ¶ 34 (alteration in original).

Plaintiff alleges she called VITAS's "telephone line" "in or around November 2023" regarding hospice care for her grandmother. *Id.* ¶ 38. Plaintiff does not allege the date of the call, the number of calls she made to VITAS, the content of her communication, or that VITAS failed to disclose the call was recorded. *See id.* ¶¶ 38-44.

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In determining a complaint's adequacy, a court must disregard conclusory allegations and legal conclusions, which are not entitled to the assumption of truth, and determine whether the remaining "well-pleaded factual allegations" suggest the plaintiff has a plausible—as opposed to merely conceivable—claim for relief. *Id.* at 679. On a motion to dismiss, the court does not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citation omitted).

## IV. ARGUMENT

Plaintiff's Complaint should be dismissed under Rule 12(b)(6) because Plaintiff fails to state a claim upon which relief can be granted.

### A. Plaintiff's Complaint Fails to Put Defendants on Notice of the Allegations Against Them

Plaintiff purports to bring claims against four different entities—Chemed Corporation, VITAS Healthcare Corporation, VITAS Hospice Services, LLC, and VITAS Healthcare Corporation of California—but fails to provide "specific, clearly defined allegations of each defendant's alleged wrongs." *Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014). By lumping all four Defendants under the collective "VITAS" moniker, Plaintiff fails to give Defendants fair notice of her claims under Federal Rule of Civil Procedure 8(a) and thus does not "enable [] defendant[s] to plead intelligently." *Id.* (quoting *Van Dyke Ford, Inc. v. Ford Motor Co.*, 399 F. Supp. 277, 284 (E.D. Wis. 1975)).

It is well established that "undifferentiated pleading against multiple defendants is improper." *Barbosa v. Shasta Cnty.*, 2021 WL 1634446, at *5 (E.D. Cal. Apr. 26, 2021) (quoting *Corazon v. Aurora Loan Servs., LLC*, 2011 WL 1740099, at *4 (N.D. Cal. May 5, 2011)). This is because "each defendant is entitled to notice of the bases for the claim(s) against him or her." *Myers v. Winn Law Grp., APC*, 2012 WL 5187771, at *3 (E.D. Cal. Oct. 17, 2022). Where, as here, plaintiffs take a "'shotgun' approach of attributing every alleged action to all 'defendants,'" it "remains impossible to tell which defendant took which alleged actions." *Id.*

Having improperly grouped together Defendants under the collective designation "VITAS," Plaintiff fails to identify which defendant is responsible for the alleged claims. Nowhere in the Complaint does Plaintiff describe what kind of entities Defendants are, what business they conduct, or Defendants' relationship to one another. Nor does she explain each Defendants' specific role in the alleged misconduct. As such, Plaintiff fail to allege facts providing sufficient notice to each Defendant as to the nature of the claims being asserted against them, and her Complaint must be dismissed.

**B. Plaintiff Fails to Plausibly Allege that Invoca Is a Third Party under CIPA § 631(a)**

Plaintiff's § 631(a) claim fails because she fails to allege facts, as opposed to conclusions, sufficient to make it plausible that Invoca is a third party, rather than an extension of Defendants. Plaintiff alleges only that Defendants violated the fourth prong of CIPA § 631(a), Compl. ¶ 61, likely in recognition of the fact that Defendants would be a party to any alleged communication with Plaintiff, and a party cannot be eavesdrop upon its own conversation. *See, e.g., Licea v. Cinmar, LLC*, 659 F. Supp. 3d 1096, 1106 (C.D. Cal. 2023) (holding that a party is not liable for violating § 631(a) when recording his own conversations). In contrast, the fourth prong of CIPA § 631(a) imposes liability upon any party "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the other three bases for liability" contained in Section 631(a). *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021) (quoting Cal. Penal Code § 631(a)) (internal quotation marks omitted). Here, Plaintiff alleges that Invoca violated the first and second prongs of § 631(a) through: (1) the intentional wiretapping or unauthorized connection to any telephone

wire; and (2) the willful and non-consensual reading or attempting to read the contents or meaning of a communication in transit over a wire. Compl. ¶¶ 59-60.

However, Plaintiff's § 631 claim fails because she does not and cannot plead facts showing Invoca is a third-party capable of using the alleged communications for its own purposes. California courts have held that a company's use of a third-party vendor does not constitute eavesdropping under CIPA where the vendor is a tool, agent, or extension of the company itself. *See Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021) (finding defendant's use of a third party session replay software provider did not give rise to CIPA violation, though vendor "captures its clients' data, hosts it on [vendor's] servers, and allows the clients to analyze their data" because vendor was "an extension of [defendant]" and simply "provide[d] a tool…that allow[ed] [the defendant] to record and analyze its own data in aid of [its] business."); *see also Johnson v. Blue Nile, Inc.*, 2021 WL 1312771, at *2 (N.D. Cal. 2021); *Yale v. Clicktale, Inc.*, 2021 WL 1428400, at *3 (N.D. Cal. Apr. 15, 2021). Here, Plaintiff fails to plead facts suggesting that Invoca is anything more than an agent of VITAS that provides software enabling VITAS to retain and review its own data.

Plaintiff alleges that Invoca "recorded, collected, intercepted, and analyzed" customer communications with VITAS and then provided VITAS with data concerning these communications. Compl. ¶¶ 34, 43, 62. But recording and storing communications on behalf of VITAS is consistent with acting as an agent of VITAS, and does not violate CIPA. *See Yockey v. Salesforce, Inc.*, 688 F. Supp. 3d 962, 973 (N.D. Cal. 2023) (allegations that communications are run from vendor web servers, routed through vendor server, that vendor directly receives the communications of customers, that vendor analyzes customer-support agent interactions in real time to create live transcripts of communications, and that vendor can view transcripts in real time "do not support a reasonable inference that [vendor] has the capability to use these communications for any purpose other than furnishing them to [company]."); *see also Swarts.*, 689 F. Supp. 3d 732 (allegations that "[vendor] is a 'data mining company' that 'uses [] private live chat conversations by analyzing data and providing [company] customer data metrics related to each conversation,'" that "[vendor] 'accesses and analyzes the recorded

conversation[s] to understand what [company] customers want, to increase sales, fix inefficiencies, and improve experiences'" were insufficient to "allege that [vendor], or any other third party, can use the information obtained for any other purpose besides relaying it to [company]").

Moreover, Defendants' use of a third-party vendor to provide it with software services does not give rise to a § 631 claim under an aiding and abetting theory because Plaintiff fails to sufficiently allege how, if at all, Invoca uses the collected data for its own purposes. Without such allegations, and the facts to support them, Plaintiff's aiding and abetting claim fails. *See Cody v. Boscov's, Inc.*, 658 F. Supp 3d 779, 782 (C.D. Cal. 2023) (finding plaintiff failed to state a cause of action for derivative liability where plaintiff failed to "provide facts suggesting that [vendors] are recording Defendant's customers' information for some use or potential future use beyond simply supplying this information back to Defendant.").

In support of her aiding and abetting claim, Plaintiff makes the sole conclusory allegation that "Invoca is a third party wiretapper because it has the capability to use the contents of conversations" for its own purpose. Compl. ¶ 58. Plaintiff claims that Invoca's Privacy Policy demonstrates that Invoca can "use the wiretapped data it collects through the Services to, inter alia, provide, run, personalize, improve, operate, maintain, and market its products and services; and conduct accounting, auditing, and performance reporting." Compl. ¶ 32. However, Invoca's Privacy Policy specifically states that information it collects from or on behalf of its clients is controlled by its clients, "maintain[ed] exclusively on behalf and at the direction of" its clients, and "its collection and use are governed by [its' clients] respective privacy policies."[2] Collecting and maintaining communications on behalf of a client does not give rise to a CIPA violation. *See, e.g., Rodriguez v. Ford Motor Co.*, --- F. Supp. 3d ---, 2024 WL 1223485, at *12-13 (S.D. Cal. Mar. 21, 2024) (allegation "that [plaintiff's] chats are routed

---

[2] Invoca, *Privacy Policy*, https://www.invoca.com/privacy-policy (last accessed June 12, 2024). The Court can consider Invoca's website and Privacy Policy in deciding Defendants' motion to dismiss because the complaint refers to it extensively, *see* Compl. ¶¶ 23-32, and the website and Privacy Policy forms the basis of Plaintiff's claims, as she uses it to argue that Defendant is capable of using the contents of conversations for its own purpose. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

through the [vendor's] server allowing [vendor] to collect the chat data—only supports the inference that the [vendor] receives and stores these communications for the benefit of its client, Defendant"); *Garcia v. Build.com, Inc.*, 2024 WL 1349035, at *4-6 (S.D. Cal. Mar. 29, 2024) (allegation that "'the chat is routed through [vendor's] servers so they may simultaneously collect a transcript of that chat,' 'only supports the inference that' [vendor] 'receives and stores these communications for the benefit of its client'"). As such, the same Privacy Policy Plaintiff purports to rely on to demonstrate that Invoca can use the data collected for its own purposes in fact clearly demonstrates that it *cannot*.

Plaintiff does not allege any specific facts to support allegations that Invoca exploited or was permitted to exploit her call data, *see generally* Compl., but rather merely describes Invoca's potential functionalities. *See id.* ¶¶ 24-29. As such, she fails to allege that Invoca is a third party for the purposes of § 631(a), and Plaintiff's § 631(a) claim should be dismissed.

### C. Plaintiff Fails to Plausibly Allege that Defendants Had the Requisite Intent to Support an Aiding and Abetting Claim under CIPA § 631(a)

Even if Plaintiff had alleged facts sufficient to make it plausible that Invoca is a third party under CIPA § 631(a)—which, to be clear, she has not—Plaintiff further fails to allege that Defendants knew that Invoca's conduct breached a duty to Plaintiff, or that Defendants knew of Invoca's allegedly unlawful purpose. *See Rodriguez*, 2024 WL 1223485, at *15 (dismissing § 631(a) aiding and abetting claim where the plaintiff failed to allege facts making it plausible that "Defendants knew [the vendor's] conduct constituted a breach of some duty," or that Defendant "had 'knowledge of the unlawful purpose of the perpetrator'").

Here, Plaintiff alleges only that Defendants use Invoca's services to record, transcribe, and analyze calls to VITAS call centers. *See, e.g.*, Compl. ¶¶ 5, 36. Plaintiff notably fails to allege that Defendants knew that Invoca breached any duty to Plaintiff, or that it was purportedly acting in violation of the statute. *See also Esparza v. UAG Escondido A1 Inc.*, 2024 WL 559241, at *6 (S.D. Cal. Feb. 12, 2024) (allegations that the defendant had embedded the relevant code into its website and that knowledge could be inferred based on the vendor's "wiretapping and eavesdropping" insufficient to allege scienter for a § 631(a) aiding and abetting claim); *Heiting v. Taro Pharms. U.S., Inc.*, 2023 U.S. Dist. LEXIS 233570, at *20 (C.D.

Cal. Dec. 26, 2023) (allegation that the defendant paid the vendor to intercept messages insufficient to allege scienter for a § 631(a) aiding and abetting claim). For this separate and independent reason as well, Plaintiff's § 631 claim must be dismissed.

### D. Plaintiff Fails to State a Claim Under CIPA § 632(a)

Plaintiff's § 632 claim similarly fails because she does not and cannot plead facts showing Defendants used an electronic amplifying or recording device, as required by the statute. Cal. Penal Code § 632(a) (prohibiting the "intentional[]" use of a "recording device" to record a "confidential communication" without "the consent of all parties to [the] confidential communication"). A device under CIPA is a "thing made or adapted for a particular purpose, especially a piece of mechanical or electronic equipment." *Moreno v. S.F. Bay Area Rapid Transit Dist.*, 2017 WL 6387764, at *5 (N.D. Cal. Dec. 14, 2017). CIPA's definition of a covered "device" does not apply to software or mobile applications "because they are not 'equipment'." *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 193 (N.D. Cal. 2019) (citing *Moreno*, 2017 WL 6387764, at *5). Plaintiff alleges Invoca recorded the alleged data using its "conversation intelligence software-as-a-service." Compl. ¶ 24. "Because software does not constitute a 'device' under the CIPA, Plaintiff's § 632 claim . . . is deficient," and this Court should dismiss her claim. *Doe v. Microsoft Corp.*, 2023 WL 8780879, at *8 (W.D. Wash. Dec. 19, 2023) (dismissing CIPA § 632 claim where plaintiff alleged defendant used software to record their communication).

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety.

Dated: June 13, 2024

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: *David R. Singh*
DAVID R. SINGH

DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
AMY TU QUYEN LE (Bar No. 341925)
amy.le@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 4th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

KEYA I. PATEL (*pro hac vice* forthcoming)
keya.patel@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Defendants